The matter comes before this court on exceptions to a report of a special master, appointed to take an acount of the interest of Hugo Munzer, deceased, in the partnership of Hugo Munzer and Sons, composed of said Hugo Munzer and the two defendants. Complainants are the executors of the will of Hugo Munzer. The master has reported that the only asset of the partnership, for which defendants are accountable, is a one-third interest in the bank balance of the partnership, which balance amounts to $211.89.
Complainants contend that the defendants, as the two surviving members of the firm, are chargeable with the proceeds of certain large profits of the firm. It is their contention that defendants bought certain parcels of real estate and invested in a mortgage the partnership funds, for which they have never accounted and the one-third interest in which is now payable to the estate of Hugo Munzer. The master found that with the minor exception of the bank account already referred to, there were no firm assets and that the estate of Hugo Munzer has no interest in the investments referred to. *Page 187 
The exceptions relate to the validity of the conclusions of the master regarding these items.
Certain basic facts are undisputed. Hugo Munzer, the father of the two defendants, was engaged with them in a retail liquor store, in the premises owned by him individually, at 199-201 Market street, Paterson, from about 1910 until June, 1919, when, on account of prohibition, it was discontinued. Hugo Munzer then ceased substantially all activities and, in February, 1920, he sold this property to his sons, the defendants, taking in payment therefor a mortgage for $65,000 with the provision that the interest should be payable monthly. He also reserved to himself and his wife, the right to occupy part of the premises as living quarters. At about this same time, he made a joint will with his wife, giving her a life income and leaving the remainder among his four children, including the two defendants. He died in December, 1920. Up to the time of his death, there is no evidence that Hugo Munzer was on anything but good terms with defendants or that he ever made any demand on them for any interest in partnership assets or any assertion that they had withheld anything from him.
There is little or no evidence to substantiate complainants' contentions that there were withheld from the father assets which, by investment and accrued income since his death, would give his executors a claim against the defendants for approximately $70,000. There is no evidence tracing into the hands of defendants any partnership moneys which could have produced the results claimed by complainants. All the documentary evidence of which there is very little, tends to show that the retail liquor business of the partnership produced a profit of only a few thousand dollars a year. Much is made by complainants of contradictory statements of the two defendants in regard to their relations to their father. For a long time they denied the existence of a partnership and after this court had found against them on that issue, they were placed in a very awkward position by their previous denials. This, among other things, almost totally destroyed the weight of their testimony. Then, too, the books of the *Page 188 
firm, which seemed to have been only of the most rudimentary character, were destroyed or lost about three years after the partners closed their store. The oral testimony, at best, was very vague and unsatisfactory and from it can be established no clear and distinct picture of the transactions between the partners.
The master, very justifiably, in my opinion, passed upon the claims before him in the light of the known and established facts and documentary evidence. Complainants' claims, as the master found, seem to be in complete disaccord with the situation. Hugo Munzer was active with his two sons in the liquor business until June, 1919, when the business was discontinued. He remained on good terms with his sons, the defendants, until his death the following year. During that time, he sold his property to his sons, carefully reserving to himself a monthly income and living quarters. Almost immediately thereafter he made a will, dividing the remainder of his estate among his four children. He evidently was a careful, cautious business man, yet, according to complainants, this very time his sons owed him $20,000 or $30,000 for his share of partnership assets, for which there was not the slightest acknowledgment in writing. There is evidence that the defendants established themselves in the liquor business, in which the father did not participate and from which it is at least possible that they could have made large profits to enable them to make the investments in question. There was one transaction in which the two sons took title to a parcel of real estate, in which the father appeared as broker and took a commission. It is claimed that he secretly was one of the purchasers, yet no record of any kind was made of his interest.
The inherent probabilities are that the father had no interest whatever in any of the enterprises of his sons after the closing down of their partnership store. There is no evidence, by way of bank transactions or otherwise, to show that there was any considerable amount of partnership funds on its dissolution.
In my opinion the master has analyzed the testimony carefully *Page 189 
and has come to the only possible conclusion consistent with the undisputed facts.
The exceptions will be overruled and the report of the master confirmed.